UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Czeslaw M. Pyzik

    v.                                                                Civil No. 19-cv-59-JD

Omni Mount Washington LLC
d/b/a Omni Resorts
Mount Washington Hotel


O R D E R

Czeslaw M. Pyzik brought suit in state court against Omni Mount Washington, LLC, alleging that Omni was negligent in maintaining the walkways at the Mount Washington Hotel, which caused him to slip on ice and fall. Omni removed the case to this court, asserting subject matter jurisdiction under 28 U.S.C. § 1332. Pyzik moves to remand on the ground that the amount in controversy is less than $75,000.

Omni objected to remand, arguing that the amount in controversy exceeded $75,000. The court then allowed Omni to conduct discovery on the issue of the jurisdictional amount directed Omni to file an amended objection based on that discovery. Omni was granted an extension of the deadline to file the amended objection to allow time for supplemental interrogatory answers from Pyzik. Omni has now filed its amended objection, and Pyzik has filed a reply.

## Standard of Review

To meet the requirements for subject matter jurisdiction under § 1332, the parties must be citizens of different states and the amount in controversy must exceed $75,000. § 1332(a). When, as here, the plaintiff challenges removal based on the amount in controversy for purposes of diversity subject matter jurisdiction, the court must determine, by a preponderance of the evidence, whether the jurisdictional amount is satisfied. Dart Cherokee Basin Operating Co., LLC v. Owens, 135 S. Ct. 547, 553 (2014) (citing 28 U.S.C. § 1446(c)(2)(B)). For purposes of making that finding, "both sides submit proof" pertaining to the jurisdictional amount.[1] Id. at 554.

## Background[2]

Pyzik alleges in the complaint that he was vacationing at the Omni Resorts Mount Washington Hotel on January 1, 2016, when he slipped and fell on an icy walkway at the hotel. He landed

---

[1] In the motion to remand and in the reply, Pyzik mistakenly relied on the standard that applied before Congress passed the Jurisdiction and Venue Clarification Act in 2011. See Dias v. Genesco, Inc., --- F. Supp. 3d ---, 2019 WL 1255470, at *1 (D. Mass. Mar. 19, 2019).

[2] The background information is taken from the court's order dated February 20, 2019, document no. 12, with additional information from the parties' more recent filings.

on his left knee.  The fall caused a nondisplaced transverse fracture of his left patella, which required surgery. He alleges that "he was forced to endure great physical pain and emotional pain and anguish," and had medical expenses of $8,769.40. He also alleges that he "suffered serious disabling injuries." Doc. 1-2, at 5.  In compliance with New Hampshire law, the complaint, which was filed in Coos County Superior Court, does not include the amount of damages. See RSA 508:4-c.

In support of its objection to the motion to remand, Omni represents, supported by an affidavit, that before filing suit Pyzik's former attorney communicated with Omni's insurance adjuster.[3]  The adjustor states in her affidavit that Pyzik's attorney ultimately left her a voicemail message that Pyzik demanded $175,000 to settle the claim.  The claim administrator denied the claim without responding to the demand.

Omni also attached a string of emails between Pyzik's current attorney and the attorney representing Omni. In the emails, Pyzik's attorney states: "This is a $40,000 case and I'd recommend that to the client if you want to settle this today." Doc. 6-2, at *2. Omni's attorney indicated that $40,000 was too

---

[3] The attorney who was representing Pyzik at that time is not the attorney representing him in this case.

3

high. Omni acknowledges that it considers Pyzik's case a "nuisance suit" and made an offer of judgment of $2,500.

In response to an interrogatory question on the amount in controversy issue, Pyzik described his injury, under oath, as follows:

> (1) a closed comminuted patella fracture with displacement of the left knee; (2) pain and swelling about the left knee; (3) the plaintiff underwent surgical intervention, specifically a left patella open reduction and internal fixation; ( 4) subsequent to his surgery the plaintiff underwent a regimen of physical therapy; (5) pain and suffering; (6) shock to the nervous system and (7) anxiety, emotional distress and depression.

Doc. 16, at 4. Pyzik also answered that he had surgery for the knee injury, wore a brace on the knee for several months after surgery, was unable to sleep well during that time, and could not drive during that time. Pyzik stated that now, three years after the fall, he continues to have intermittent pain in his left knee, cannot walk for an extended time, cannot sit in or drive a car for an extended time, has pain when walking down stairs or on any incline, cannot work in his backyard, has instability when he stands or walks for a long time, and he has lower back pain. These are not minor complaints.

## Discussion

Pyzik argues in support of remand that the amount in controversy is less than the jurisdictional amount of $75,000.

4

He cites evidence that Omni rejected a settlement amount of $40,000, made an offer of judgment of $2,500, and considered the case a nuisance suit. Omni cites the earlier settlement discussion with Pyzik's prior counsel, who demanded $175,000, and the evidence pertaining to the severity of Pyzik's injury, with continuing symptoms.

Pyzik faults Omni for removing the case based on the preference of counsel and Omni to litigate in federal court. Pyzik does not explain why that preference would influence the amount in controversy issue that is currently before the court. Instead, Pyzik's argument seems to suggest that Omni removed the case for an improper purpose. Pyzik's interpretation of Omni's preferences does not affect whether jurisdiction exists or does not exist and is therefore irrelevant.

Omni faults Pyzik for failing to stipulate to the amount in controversy. Omni cites no rule or legal authority that would require such a stipulation to support a motion to remand. Therefore, the lack of a stipulation may be considered but is not dispositive of the issue.

The extent of Pyzik's injury and his continuing pain and symptoms could support a claim for significant damages. The court finds by a preponderance of the evidence that the amount in controversy exceeds $75,000.

## Conclusion

For the foregoing reasons, Pyzik's motion to remand (document no. 4) is denied.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
United States District Judge

April 10, 2019

cc: Heather M. Gamache, Esq.
Eli Jason S. Mackey, Esq.
Charles S. Setliff, Esq.
Kirk C. Simoneau, Esq.